MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STATE BOARD OF ELECTIONS on behalf of Robert Sherman and on behalf of Andrew Heffernan,

Plaintiff,

v.

ANDY MARTIN,

Defendant.

No. 10 C 4915

**OPINION AND ORDER**

Andy Martin, formerly known as Anthony Martin-Trigona, alleges that challenges to the nominating petitions for his independent candidacy for United States Senator are pending before the Illinois State Board of Elections (the "Board"). Martin has filed a pro se notice of removal by which he purports to remove the Board proceeding to this court. Martin acknowledges that a question exists as to whether the proceeding before the Board, an administrative agency, is a "civil action brought in a State court" as that term is used in 28 U.S.C. § 1441(a). See generally Wirtz Corp. v. United Distillers & Vintners N. Am., Inc., 224 F.3d 708, 710-14 (7th Cir. 2000)

(Illinois Liquor Control Commission is not a state court from which proceedings can be removed); Floeter v. C. W. Trans., Inc., 597 F.2d 1100, 1102 (7th Cir. 1979) (per curiam) (proceeding before Wisconsin Employment Relations Commission is removable as a proceeding before a state court); Gottlieb v. Lincoln Nat'l. Life Ins. Co., 388 F. Supp. 2d 574, 579-80 (D. Md. 2005). If not considered a state court proceeding, Martin apparently concedes that the proceeding is not removable.

Martin filed his notice of removal in this court and represents he faxed a copy to the Board and emailed copies to "interested individuals." For present purposes, it need not be decided whether Martin has satisfied the § 1446(d) requirements that he give "written notice" to all adverse parties and "file" the notice of removal with the Board.

Martin did not pay the filing fee required when filing a notice of removal in this court. Instead, he moves for leave to proceed in forma pauperis pending later payment of fees. Martin contends that federal campaign finance law requires that the costs of the present litigation be paid from campaign funds. He represents that his campaign fund currently has no money, but that he has checks that are to be deposited into the campaign and the court fees would be paid after the campaign has money to pay them. He did not file a financial affidavit as to himself or his

campaign fund. Because this case is being remanded on jurisdictional grounds, the motion to proceed in forma pauperis will not be granted.

The removal statute provides that this court is to promptly examine a notice of removal. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).[1]

"Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Federal jurisdiction cannot be predicated on an actual or anticipated defense." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009). The action before the Board is a challenge to Martin's candidacy based on the nominating petitions not satisfying state law requirements. The only federal questions relied on by Martin are his defenses that the Board's procedures are in violation of federal election law and constitutional due process. Even assuming the proceeding

[1]After the court's initial examination, plaintiff filed a motion for remand that is scheduled to be presented on August 19, 2010. Since the case is otherwise being remanded, plaintiff's motion will be denied without prejudice as moot and the August 19 motion hearing will be stricken.

below is a State court action, Martin's defenses are an insufficient basis for federal question jurisdiction supporting removal. This case will be remanded to the Illinois Board of Elections.

Even if there were a federal question properly supporting removal jurisdiction, this case would be remanded. Since 1983, Martin (a prolific litigant who had already filed at least 500 cases as of 1983) has been prohibited from filing any new action or proceeding in federal court without first moving for leave to do so and providing certain notice with the motion.

> Anthony R. Martin-Trigona is hereby permanently enjoined from filing any new action or proceeding in any court (state or federal) of the United States, without first obtaining leave of that court. In seeking such leave to file Anthony R. Martin-Trigona must comply with each of the following requirements. First, he must file with the complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File." Second, as Exhibit 1 to that motion he must attach a copy of this order. Third, and as Exhibit 2 to that motion, he must attach either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new claim never before raised by him in any court. Fourth, and as Exhibit 3 to that motion, he must identify by listing the full caption of each and every suit previously filed by him or on his behalf in any court against each and every defendant to the suit he wishes to file. Fifth, and as Exhibit(s) 4 (and continuing as necessary) to that motion he must provide a copy of each such complaint and a certified record of its disposition. Sixth, he must serve a copy of this order on each defendant if and when leave to serve the complaint in the

> new case is granted. Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file made by Anthony R. Martin-Trigona. Further, the failure by Anthony R. Martin-Trigona to advise a court in which he has filed a lawsuit of this order or to comply with this order may be considered by such court a sufficient defense to sustain a motion to dismiss such a lawsuit.

In re Martin-Trigona, 573 F. Supp. 1245, 1267 (D. Conn. 1983), aff'd in part, vacated in part, 737 F.2d 1254 (2d Cir. 1984).[2] See also Martin v. Brock, 2007 WL 1853298 *1 (N.D. Ill. June 25, 2007).

Martin did not request leave to file this removal proceeding, nor did he provide the notice required by the still-existing injunction. If this case were not otherwise remanded for lack of jurisdiction, Martin's failure to comply with the injunction would have been sufficient ground for a remand.

IT IS THEREFORE ORDERED that defendant's motion for leave to file in forma pauperis pending additional payments to the court [6] is denied. Plaintiff's motion to remand [7] is denied without prejudice as moot. The August 19, 2010 motion hearing

[2]On appeal, it was held that, as to state court litigation, the injunction's scope should be narrowed to giving notice to the state court and not requiring that Martin seek leave to file in state courts. See Martin-Trigona, 737 F.3d at 1263. See also In re Martin-Trigona, 592 F. Supp. 1566 (D. Conn. 1984), aff'd, 763 F.2d 140 (2d Cir. 1985). The injunction quoted in the text was not narrowed as regards federal court filings.

date is stricken. The Clerk of the Court is directed to remand this case to the Illinois Board of Elections forthwith.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: AUGUST 17, 2010