IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STATE BOARD OF ELECTIONS on )
behalf of Robert Sherman and )
on behalf of Andrew Heffernan, )
 )
        Plaintiff, )
 )
v. ) No. 10 C 4915
 )
ANDY MARTIN, )
 )
        Defendant. )

## OPINION AND ORDER

Defendant has filed a Fed. R. Civ. P. 59(e) motion to vacate the remand of this case. He also moves to strike the Board of Elections' motion to remand, contending the Board is not actually a party to this case. For the reasons stated below, the motion to vacate is being denied. The motion to strike will be denied without prejudice as moot, the motion to remand having previously been denied without prejudice. The motion to strike the Board's remand motion is also moot because this case has already been sua sponte remanded by the court and the remand is not being vacated.

The remand statute, in particular 28 U.S.C. § 1447(d), provides that remanding a case is "not reviewable on appeal or

otherwise." The "or otherwise" clause precludes seeking Rule 59(e) or any other form of reconsideration in the district court except as to those limited situations that are reviewable despite the § 1447(d) prohibition. Asperger v. Shop Vac Corp., 2007 WL 4247423 *1 (S.D. Ill. Nov. 30, 2007); Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co., 2007 WL 2219102 (S.D. Ill. July 27, 2007); Rice v. Mayflower Transit, Inc., 1995 WL 347957 *1 (N.D. Ill. June 8, 1995). Since this case was remanded for lack of subject matter jurisdiction, the decision to remand is not reviewable. Foster v. Hill, 497 F.3d 695, 697 (7th Cir. 2007). Moreover, certified letters remanding this case to the Board of Elections had been sent out prior to defendant moving for reconsideration. Therefore, the court had lost jurisdiction of this case before defendant moved for reconsideration. This is another reason that the court lacks jurisdiction to consider defendant's reconsideration motion. Asperger, 2007 WL 4247423 at *1. Defendant's motion to vacate was without effect. Contrary to defendant's contention, the filing of the motion does not preclude the Board from proceeding to act on the objections that are before it.

Even if this court had jurisdiction to consider defendant's reconsideration motion, the motion would be denied. This case was remanded based on the well-pleaded complaint rule.

Federal question jurisdiction cannot be based on defenses that raise federal questions. Defendant's reconsideration motion does not even mention the well-pleaded complaint rule let alone make any argument as to the removed case involving a federal question.[1] The basis for remanding this case is uncontested with defendant only raising other issues that do not matter if the case is not otherwise removable.

Defendant contends it was improper to deny leave to proceed in forma pauperis without providing an opportunity to instead pay the filing fee. The case, however, was not remanded for failing to pay the filing fee; it was remanded for lack of federal-question jurisdiction.

Defendant also contends the alternative ground for remand, his failure to comply with an injunction regarding his involvement in litigation, is without merit because he only has to follow the procedures set forth in that injunction when he is the plaintiff in a lawsuit, not when he is a defendant as in the

---

[1] In his motion, defendant states "The jurisdictional issue raised in this case is a novel one, but it is fully supported as an arguable claim by Seventh Circuit precedent." It is assumed that defendant is referring to the question of whether the Board of Elections is considered a "court" for purposes of removal, a question that defendant addressed in his removal petition and the answer to which is arguable. But that aspect of the removal jurisdiction question was not reached because the case itself is one that does not involve a federal question supporting original jurisdiction.

present case. First, since defendant does not raise any issue as to the primary ground for a remand, succeeding on this point would not be a sufficient basis for vacating the remand. Second, defendant's contention as to this issue is without merit. The injunction apparently would not apply to a situation in which Martin is sued as a defendant in a case initiated in federal court, particularly when he does not bring a counterclaim and as long as he does not use a proxy to initiate the lawsuit. The injunction, however, does not limit its application to lawsuits in which Martin is the plaintiff. Instead, the injunction applies to "filing any new action or proceeding in [federal] court." In re Martin-Trigona, 573 F. Supp. 1245, 1267 (D. Conn. 1983), aff'd in part, vacated in part on other grounds, 737 F.2d 1254 (2d Cir. 1984). Martin removed this proceeding to federal court. That was the filing of a new proceeding in federal court. The requirements of the injunction apply to this removal proceeding.

Defendant also complains that the court acted sua sponte without giving him the opportunity to respond.[2] This court cited

---

[2]Defendant additionally complains that he did not receive prompt notice of the order remanding the case. A copy of the August 17, 2010 order was mailed (on the same day) to the out-of-state address defendant chose to list on his appearance form. Moreover, he learned of the order in a telephone call to chambers made on August 18, prior to the order being docketed. The

to the summary remand procedure contained in 28 U.S.C. § 1446(c)(4). That was an inappropriate citation since that provision applies only to the removal of a criminal prosecution. Instead, summary remand of a removed civil action is consistent with § 1447(c), which provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Glagola v. Glagola, 2003 WL 21878730 *3 (N.D. Ill. Aug. 8, 2003); Roscor Corp. v. Itelco USA, Inc., 237 F. Supp. 2d 883, 884 (N.D. Ill. 2002). It is also fully consistent with this court's general obligation to police its jurisdiction and sua sponte raise apparent jurisdictional issues. See Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 453 (7th Cir. 2009); Glagola, supra. Since the jurisdictional deficiency was apparent on the face of the removal petition and election issues such as the present one require prompt attention so that ballots can be timely printed, it was appropriate to summarily remand the case. Additionally, defendant had already taken the opportunity to address jurisdictional issues when he accompanied his removal petition with a memorandum in support of removal jurisdiction. Moreover, even after filing the present motion to vacate, defendant fails

---

certified notice of remand was not sent until August 19.

to establish that removal jurisdiction was proper. There was no procedural error and, even if there were, defendant suffered no prejudice.

Martin has filed three more motions. One is for a stay pending appeal. As previously indicated, the remand is not appealable and, in any event, no substantial argument has been presented supporting that there was proper removal jurisdiction. The motion for a stay will be denied. The other two motions are to require Board attorneys and employees to show cause why they should not be held in contempt for ignoring the stay due to the removal. As previously discussed, this case has been remanded and Martin's purported Rule 59(e) motion did not prevent the remand from occurring. There is no basis for issuing the requested rules to show cause.

IT IS THEREFORE ORDERED that defendant's motion to vacate [14] is denied. Defendant's motion to strike [16] is denied without prejudice as moot. Defendants' motions to show cause [17, 18] and for a stay [19] are denied.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 31, 2010